**Opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00767-CV

———————————

**DEWEY CLARK, Appellant**

**V.**

**MUSTANG MACHINERY COMPANY, LTD.
D/B/A MUSTANG CAT, Appellee**

On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 1061481-002

# O P I N I O N*

This is a dispute over a defective bulldozer purchased by appellant Dewey

Clark. He challenges a summary judgment rendered in favor of the seller, appellee

---

\* *See* TEX. R. APP. P. 47.4 ("An opinion may not be designated a memorandum opinion if the author of a concurrence or dissent opposes that designation.").

Mustang Machinery Company, Ltd. (doing business as Mustang Cat). On appeal, the disputed claims involve breach of contract and breach of warranty. Clark contends that his claims are not barred by limitations, nor was the alleged warranty validly disclaimed. We conclude that the parties' agreement unambiguously disclaimed all warranties, and accordingly we affirm.

## Background

Clark purchased a bulldozer from Mustang Cat in July 2011. The parties to the sales transaction signed two documents on the same date: an "Installment Sale Contract" and a "Purchasers Order and Security Agreement for Used Product." The installment contract contained a "disclaimer of warranties" provision as well as a clause that stated that "[t]his Contract, each Schedule, any riders or addends hereto completely states the rights of Seller and Purchaser and supersedes all prior agreements with respect to a Unit." On a contemporaneously signed purchasers order, the bulldozer was described in printed language as including a "1 year / 1000 Hour Powertrain + Hydraulics Warranty," and in handwriting as being sold "AS IS WHERE IS." Mustang Cat assigned the installment contract to Caterpillar Financial Services Corporation.

Immediately, there were problems with the bulldozer, causing it to be inoperable for extended periods of time. Between July 2011 and February 2012, Clark returned the bulldozer for repairs on several occasions, all unsuccessful. In

February 2013, Caterpillar Financial repossessed the bulldozer. Then in April 2015, it sued Clark for the amount still owing. Clark, in turn, asserted third-party claims against Mustang Cat in August 2015.

Mustang Cat moved for summary judgment on limitations grounds. Alternatively, it also argued that there was no express warranty, the bulldozer was sold "as is," and the installment contract expressly disclaimed all warranties. The trial court granted summary judgment in favor of Mustang Cat. An agreed judgment resolved Caterpillar Financial's claim against Clark, and this appeal ensued.

**Analysis**

We review the trial court's summary judgment de novo. Mustang Cat's motion for summary judgment argued that Clark's contract and warranty claims are barred because of the disclaimer of warranties in the installment contract. The disclaimer stated:

> **3. DISCLAIMER OF WARRANTIES:** Purchaser has selected each Unit based upon its own judgment. Purchaser acknowledges that each Unit is of a size, design and type selected by Purchaser and that Seller is not a manufacturer of the Units. SELLER MAKES NO WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED, WITH RESPECT TO THIS CONTRACT OR TO ANY UNIT. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EACH UNIT IS SOLD "AS IS, WHERE IS," AND SELLER SPECIFICALLY MAKES NO WARRANTIES AS TO THE QUALITY OF MATERIALS OR WORKMANSHIP OR THE CONFORMITY THEREOF TO THE PROVISIONS AND SPECIFICATIONS OF ANY PURCHASE ORDER OR AGREEMENT RELATING THERETO. SELLER HEREBY EXPRESSLY DISCLAIMS, AND PURCHASER HEREBY

3

WAIVES, RELEASES AND RENOUNCES, ALL OTHER WARRANTIES AND CLAIMS EXPRESS OR IMPLIED, ARISING BY LAW OR OTHERWISE, WITH RESPECT TO ANY UNIT OR TO THIS CONTRACT, INCLUDING WITHOUT LIMITATION, (A) ANY IMPLIED WARRANTY THAT ANY UNIT IS MERCHANTABLE; (B) ANY IMPLIED WARRANTY THAT ANY UNIT IS FIT FOR A PARTICULAR USE OR PURPOSE; (C) ANY IMPLIED WARRANTY ARISING FROM COURSE OF PERFORMANCE, COURSE OF DEALING OR USAGE OF TRADE; (D) ANY OBLIGATION, LIABILITY, RIGHT, CLAIM OR REMEDY IN TORT; (E) ANY OBLIGATION, LIABILITY, RIGHT, CLAIM OR REMEDY FOR LOSS OF OR DAMAGE TO ANY UNIT, FOR LOSS OF USE, REVENUE OR PROFIT WITH RESPECT TO ANY UNIT, FOR ANY LIABILITY OF SELLER TO ANY THIRD PARTY, OR FOR ANY OTHER DIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING STRICT OR ABSOLUTE LIABILITY IN TORT. Seller assigns to Purchaser its interest in any of the manufacturer's warranties on the Unit(s) and nothing contained herein shall be construed to deprive Purchaser of whatever rights Purchaser may have against parties other than Seller (such as the manufacturer of any Unit) and Purchaser agrees to look solely to such parties with respect to any and all claims concerning any Unit except as to ownership and title.

In response, Clark argued that the contemporaneously signed purchasers order described the bulldozer as including a "1 year / 1000 Hour Powertrain + Hydraulics Warranty." On appeal, he further argues that the installment contract is not a fully integrated agreement that effectively disclaimed the warranty expressly described in the separate purchasers order. The integration language in the installment contract stated: "This Contract, each Schedule, any riders or addenda hereto completely states the rights of Seller and Purchaser and supersedes all prior agreements with respect to a Unit."

4

On the face of these documents, there is no ambiguity. Mustang Cat disclaimed all warranties, express or implied. The disclaimer language acknowledged the possibility that manufacturer's warranties may exist, so the mere reference on the purchasers order to "1 year / 1000 Hour Powertrain + Hydraulics Warranty," without more, does not indicate that any such warranty was being extended by Mustang Cat as the seller.

To the extent Clark argues for the first time on appeal that Mustang Cat "ratified, substantiated and partly performed the warranty agreement," these arguments were not included in the summary-judgment response and, accordingly, have been waived. TEX. R. CIV. P. 166a(c); TEX. R. APP. P. 33.1(a).

## Conclusion

We affirm the judgment of the trial court.

## PER CURIAM

Panel consists of Justices Jennings, Massengale, and Caughey.

Justice Jennings, concurring.